WASHBURN WATER WORKS COMPANY, Appellant, vs. TOWN
OF WASHBURN, Respondent.

*February 24—March 17, 1914.*

*Setoffs: Judgments: Authority of attorneys: Towns: Division: In-*
*corporation of city: Adjustment of equities: Title to judg-*
*ments, etc.: New trial.*

1. Where a judgment creditor is sued by his debtor upon a dif-
ferent cause of action, he may plead his judgment by way of
counterclaim, and if a balance be found due him from plaint-
iff may have judgment therefor.
2. Where a water company operating by virtue of a franchise
granted to it by an organized town having within its limits
an unincorporated village of more than 1,000 inhabitants,
sued such town for hydrant rental, and the latter counter-
claimed for certain judgments previously obtained against
the water company, it was no defense to such counterclaim
that by agreement with a former attorney for such town the
judgments had been set off against a judgment the water
company had recovered against a city formed from such un-
incorporated village, it not appearing that such attorney had
any authority from the town to make such offset.
3. After judgment in such action in favor of the town upon its
counterclaim, a motion was made for a new trial based upon
affidavits showing that in another action between such town
and such city and another town formed in part out of the
original town, to settle the equities of the respective parties
in the judgments against the water company, the city's pro-
portion had been fixed by a referee at a certain sum, and
that the water company had "settled" with the city, but not
showing that any money had been paid to the city. *Held,*
that the findings of the referee did not operate to transfer
title to the judgments or any interest therein to the city, and
the motion was properly denied.

APPEAL from a judgment and an order of the circuit court
for Bayfield county: G. N. RISJORD, Circuit Judge. *Af-*
*firmed.*

The appeal is from a judgment and from an order deny-
ing a motion to vacate this judgment and grant a new trial.

*A. W. McLeod,* for the appellant.
*E. C. Alvord,* for the respondent.

TIMLIN, J.   Findings in this case establish that the respondent on and prior to May 6, 1889, and from thence until May 1, 1904, was an organized town containing an unincorporated village of more than 1,000 inhabitants, and that the electors of said town at the annual town meeting next preceding May 6, 1889, conferred upon the town board all powers relating to villages and exercised by village boards under and pursuant to the provisions of ch. 40, R. S. 1878.   On May 6, 1889, the town board of the respondent enacted and published a franchise ordinance under which the appellant exercises its powers as a public-service corporation, supplying the inhabitants of said unincorporated village called Washburn with water.   On May 1, 1904, this village was incorporated as a city of the fourth class known as the city of Washburn. The plaintiff brought this action against the town of *Washburn* for hydrant rentals amounting to $1,766.65 earned by it during the four months immediately preceding the date last mentioned.   This action for said rentals was not begun until after March 5, 1910.   On July 18, 1904, the town obtained judgment against the appellant for $2,310, pursuant to the mandate of this court in *Washburn v. Washburn W. W. Co.* 120 Wis. 575, 98 N. W. 539.   On July 25, 1904, a further judgment for costs in the supreme court in said action amounting to $52 was duly given and rendered in favor of said town of *Washburn* and against said *Washburn Water Works Company.*   The judgment first mentioned was proven by the record and the judgment docket, which shows the judgment creditor to be the town of *Washburn* and the judgment debtor the Washburn Water Company, admitted in open court to be the *Washburn Water Works Company,* appellant.   The other judgment seems to have been proven by the circuit court judgment docket.   The first judgment was noted on the

docket, "satisfied this 19th day of July, A. D. 1907, attest
F. A. Bell, clerk." But there was no satisfaction on file and
nothing recorded except the foregoing. Mr. D. M. Maxcy
testified that he paid both judgments to Mr. W. M. Tomkins,
now deceased, by paying Mr. Tomkins $733.34 and offsetting
the balance of the judgment against a judgment which he
held against the city of Washburn. There was no proof of
any authority conferred upon or held by Mr. Tomkins to
make such settlement.

On these facts the learned circuit court gave judgment on
the counterclaim of the respondent for the amount thereof
less the hydrant rental of $1,766.65 and interest thereon
from the time the bill for that rental was filed with the town
clerk, and less the $733.34 paid to Mr. Tomkins. Three
months after this judgment was rendered the appellant moved
on affidavits to vacate the judgment, claiming that the town
of *Washburn,* respondent, formerly included territory now in
the town of Eileen as well as that included in the present
city of Washburn. On October 31, 1904, the town of *Wash-
burn* began an action against the town of Eileen and the city
of Washburn for a settlement. The case was referred to a
referee, and the referee reported that on April 19, 1904, the
town of *Washburn* was indebted to the appellant in the sum
of $1,604.70, and since that date the city of Washburn be-
came indebted to the *Water Company* in a certain sum. The
proportion of the judgment described in the counterclaim in
this cause against the *Water Company* which the town ought
to have was $1,604.70 and the city's proportion $757.30. It
is then averred that the appellant has settled with the city of
Washburn and paid its share of said judgment and did not
discover this record of the suit last mentioned until June 18,
1913. No details of the payment to the city of Washburn
are given, no time or place mentioned, nor is it said there was
anything paid to the city of Washburn, but merely that the
appellant has settled with the city of Washburn. The sub-

stance of the affidavit is that the appellant should have an additional credit for $757.30, the proportion of the judgment in favor of the town which the town owed to the city. This was opposed by an affidavit showing that the judgment in the action referred to, viz. the Town of Washburn v. City of Washburn *et al.*, did not attempt to offset said judgment against the hydrant rentals; that the appellant's attorney had knowledge of this record and personally examined it long prior to the trial of this cause, and that no part of the $757.30 mentioned was ever paid to the city of Washburn or to any other person for it.

Upon this case as presented to the circuit court the findings and the judgment were unquestionably correct. Appellant was the owner of a demand against the respondent and the respondent was the owner of two judgments against the appellant. The learned circuit court might have given the appellant judgment against the respondent and then on motion offset the respondent's judgment against that judgment. But it could also proceed in the way it did. Secs. 4258, 4263, Stats. The moving papers used upon the motion to vacate this judgment showed no sufficient ground to compel a different disposition of the case. The appellant was not a party to the suit by the town of *Washburn* against the town of Eileen and the city of Washburn for a settlement, and the findings of the referee relative to the proportionate equities between the city of Washburn and the town of *Washburn* in the judgment against the appellant, of which the latter was legally owner, did not operate to transfer title to that judgment or any interest therein to the city. For all we know and from all we can gather from this record, that was only an item in an accounting for settlement between the several municipalities which might have been offset by other items or which might enter into a judgment in favor of the city of Washburn and against the town of *Washburn*. The appellant, by the collection of the counterclaim in this case, will

have paid its own debt to its own debtor, and whether the latter, by reason of this collection, will owe something to the city or not does not concern the appellant. If the appellant had shown that with the consent of the town of *Washburn* it had paid this sum which it owed the town of *Washburn* over to the city, that would constitute a payment to the town for which the appellant should have credit and which it should have asserted in its reply to the respondent's counterclaim. Instead of doing so, the appellant produces a statement which it calls a settlement with the town of *Washburn,* not only making no claim for this specific credit of $757.30, but pretty effectually concealing it. This statement gives the town credit for the judgments described in the counterclaim in this action and another judgment, and attempts to offset this by a judgment against the city with costs and interest and the payments of $733.34 made to attorneys for the town for which it has received credit in the judgment appealed from. We are unable to discover any merit in the motion to vacate the judgment.

*By the Court.*—Judgment and order affirmed.